IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DENNIS DEAN NEFF,

        Defendant.

Case No. 19-40015-01-DDC

### MEMORANDUM AND ORDER

This matter comes before the court on defendant Dennis Dean Neff's oral Motion for Judgment of Acquittal on Count 3. After trial concluded, the court requested supplemental briefing from the parties. Doc. 55. Mr. Neff has filed a supplemental brief (Doc. 69) and the government has responded (Doc. 73). For reasons explained below, the court denies Mr. Neff's motion. In sum, the government presented sufficient evidence for a reasonable jury to find Mr. Neff guilty beyond a reasonable doubt on Count 3.

**I.    Background**

On August 21, 2019, a grand jury returned a Second Superseding Indictment charging Mr. Neff with various crimes. Doc. 28. Relevant here, the Second Superseding Indictment's Count 3 charged Mr. Neff with knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *Id.* at 2–3.

Trial began on November 19, 2019. Doc. 44. The evidence at trial focused on an incident in Holton, Kansas, on November 27, 2018. Law enforcement officers were called to a home because its owner, Teri Secrest, felt unsafe because an unknown man that her son Derick Hainline, and his girlfriend, Valerie Matic, had brought into the house. That unknown man was

Mr. Neff.  Law enforcement officers arrested Mr. Hainline and Ms. Matic.  And later, Ms. Secrest and her daughter, Amanda Chiles, searched Mr. Hainline's bedroom.  They found a firearm and a methamphetamine pipe under a coat on the bed, and a black bag with a crystalline substance in it (later confirmed to be methamphetamine) hidden in the closet.  Officers did not arrest Mr. Neff that night.

The government called several witnesses who provided testimony relevant to Count 3.  First, Derick Hainline testified that he regularly purchased methamphetamine from Mr. Neff.  Doc. 70 at 17 (Partial Tr. of Jury Trial Day 2 17:14–22).  Mr. Hainline said that Mr. Neff arrived at the house, removed a firearm from his coat, and set it on his bed with a methamphetamine pipe and a black bag.  *Id.* at 32 (Partial Tr. of Jury Trial Day 2 32:2–13, 23–25).  He also testified that he knew Mr. Neff carried a firearm, a fact that didn't surprise Mr. Hainline.  Mr. Neff had told Mr. Hainline that he was robbed of his drugs and money in the past and that "it wasn't going to happen again."  *Id.* at 33–34 (Partial Tr. of Jury Trial Day 2 33:5–9, 34:5–8).  Ms. Secrest and Ms. Chiles testified that they discovered a firearm and a methamphetamine pipe under a coat on Mr. Hainline's bed.  *Id.* at 89–90 (Partial Tr. of Jury Trial Day 2 89:8–90:5), 117 (Partial Tr. of Jury Trial Day 2 117:3–10).  Ms. Chiles also found a black bag with drugs inside hidden in the closet.  *Id.* at 119 (Partial Tr. of Jury Trial Day 2 119:3–22).  Ms. Matic testified that the coat belonged to Mr. Neff (*Id.* at 151 (Partial Tr. of Jury Trial Day 2 151:17–21)), that she was the one who placed the coat over the firearm, and that she moved Mr. Neff's black bag containing drugs into the closet.  *Id.* at 151–52 (Partial Tr. of Jury Trial Day 2 151:22–152:4, 13–20).  Drug Enforcement Administration Special Agent Justin Olberding testified that it is not unusual for a drug trafficker to carry a firearm because drug trafficking is a "cash business" and "inherently dangerous."  Doc. 72 at 3 (Partial Tr. of Jury Trial Day 1 3:4–4:7).  Special Agent Olberding also

testified that, in his experience, it isn't uncommon for drug traffickers to carry firearms to protect themselves from robbery, especially after a big sale.

The parties also stipulated to certain facts. Doc. 43. As relevant to Count 3 these stipulated facts included: (1) the substance recovered from the house in Holton on November 27, 2018 was "100% purity methamphetamine," (2) the firearm was a "Bersa, 9 millimeter semi-automatic pistol," and (3) Mr. Neff previously had been convicted of a felony and knew his conviction "was a crime punishable by imprisonment for a term exceeding one year." *Id.* at 1–2.

On November 21, 2019, after the government rested, Mr. Neff moved for a Fed. R. Crim. P. 29 judgment of acquittal on Count 3. The court heard argument from both Mr. Neff and the government. Consistent with Fed. R. Crim. P. 29(b), the court reserved its ruling.

The Jury Instructions included an instruction about Count 3, the charge asserting Mr. Neff had violated 18 U.S.C. § 924(c)(1). Doc. 50 at 14 ("Instruction No. 13"). The Instruction stated:

> Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. This is so because a firearm's presence may be coincidental or entirely unrelated to the underlying crime of possession of a controlled substance with the intent to distribute it. Some factors that may help you determine whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:
>
> 1. the type of any criminal activity that you found was being conducted;
> 2. accessibility of the firearm;
> 3. the type of firearm;
> 4. whether the firearm was stolen;
> 5. the status of the possession (legitimate or illegal);
> 6. whether the firearm was loaded;
> 7. the time and circumstances under which the firearm was found;
> 8. proximity to any drugs or drug profits.

*Id.* The jury convicted Mr. Neff on all counts from the Second Superseding Indictment that the court submitted to the jury.[1]  This verdict included Count 3.  Doc. 51.

## II. Legal Standard

Fed. R. Crim. P. 29(a) provides:  "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  The rule also authorizes a court to reserve decision on the motion and decide it after the jury returns a verdict. Fed. R. Crim. P. 29(b).  But, when the court reserves judgment, "it must decide the motion on the basis of the evidence at the time the ruling was reserved."  *Id.*

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999).  The court must uphold the jury's guilty verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (emphasis in original).  The court considers direct and circumstantial evidence, plus reasonable inferences drawn from that evidence.  *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993).

## III. Discussion

Mr. Neff argues that the government's evidence was insufficient to prove that he possessed a firearm in furtherance of a drug felony as charged in Count 3.  He asserts that the government must have proved more than that he merely possessed a controlled substance and a firearm at the same time.  Mr. Neff contends the evidence at trial did not show that he used the firearm to threaten anyone, that a bullet was in the chamber of the firearm found under the coat

---

[1]  On November 18, 2019, the court dismissed Count 1 on the government's motion.  Doc. 42.

that was attributed to him, or that he needed the firearm during his November 27, 2018 drug transaction. In fact, Mr. Neff asserts, the evidence merely showed that he took the firearm out of his pocket, put it on the bed, and then forgot about it. Mr. Neff contends, "'[t]he fact that drug dealers in general often carry guns for protection is insufficient to show possession in furtherance of drug activity . . . .'" Doc. 69 at 4 (quoting *United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001)).

The government responds that the evidence presented here proved more than that, and it supports a conviction on Count 3. The government argues that the jury properly could rely on circumstantial evidence, and draw reasonable inferences from it. The government references testimony from a witness—Mr. Hainline—who testified that he saw Mr. Neff with a firearm after he was robbed during a previous a drug deal. The government's evidence included testimony by Mr. Hainline. He testified that he knew Mr. Neff, knew Mr. Neff carried a firearm, and had heard Mr. Neff explain why he carried that weapon. Mr. Neff explained that he once was robbed, and his drugs and cash were taken. Mr. Neff said, "it [isn't] going to happen again." Doc. 70 at 33–34 (Partial Tr. of Jury Trial Day 2 33:5–9, 34:5–8). The government also notes that Jury Instruction No. 13 listed factors that the jury could consider when deciding whether Mr. Neff possessed a firearm in furtherance of a drug trafficking crime. The government argues that the majority of the listed factors supported conviction because (1) drug trafficking is an inherently dangerous crime, (2) the firearm was small and concealable, (3) Mr. Neff was prohibited from possessing a firearm, (4) the firearm's magazine was fully loaded, and (5) the firearm was found near the drugs. At bottom, the government argues the evidence supports the conclusion that Mr. Neff carried a firearm to protect his drugs (and himself).

Section 924(c)(1)(A) of Title 18 of United States Code criminalizes possession of a firearm "in furtherance of" a "drug trafficking crime." "A firearm that is kept available for use if needed during a drug transaction is 'possessed in furtherance of' drug trafficking, because such possession does not necessarily require 'use' as long as such possession is 'in furtherance of' is the intent of the drug trafficker." *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001). As the Circuit has explained, evidence about a drug trafficker's intended purpose for a firearm is "subject to proof by circumstantial evidence." *Id.* And, a jury may consider "factors such as the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to the drugs or drug profits, and the time and circumstances under which the firearm is found . . . ." *Id.* But, "mere possession of a firearm in proximity to drugs or drug proceeds would not require a finding that a weapon was possessed in furtherance of drug trafficking." *Id.*

When the court submitted the case to the jury, the Instructions charged it to apply these factors to the evidence against Mr. Neff to "help [it] determine whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime." Doc. 50 at 14 ("Instruction No. 13"). Namely, the operative instruction instructed the jury to consider:

1. the type of any criminal activity that you found was being conducted;
2. accessibility of the firearm;
3. the type of firearm;
4. whether the firearm was stolen;
5. the status of the possession (legitimate or illegal);
6. whether the firearm was loaded;
7. the time and circumstances under which the firearm was found;
8. proximity to any drugs or drug profits.

*Id.*; *see also United States v. Renteria*, 720 F.3d 1245, 1255 (10th Cir. 2013) (listing factors). Applying these factors and viewing the trial evidence in the light most favorable to the government, the court concludes that a "rational trier of fact could have found" beyond a

6

reasonable doubt that Mr. Neff possessed the firearm in furtherance of a drug felony. *Haber*, 251 F.3d at 887 (citation and internal quotation marks omitted). The evidence thus suffices to sustain Mr. Neff's conviction under § 924(c).

Mr. Neff concedes that the evidence shows some of these factors are met: (1) "[p]ossession of the firearm was illegal," (2) the firearm was loaded, (3) the firearm was accessible, (4) the firearm was found at night and was unclaimed, (5) the firearm was a "Bersa 9 millimeter semi-automatic pistol," and (6) the firearm was found next to a methamphetamine pipe. Doc. 69 at 3–4. In essence, he concedes that the evidence is sufficient to show that he possessed the firearm, but it cannot support a finding that he possessed the firearm in furtherance of a drug trafficking crime. Instead, he argues that the evidence shows only that he "habitually" carried the firearm, not that the firearm was "accessible for the purpose of furthering the drug trafficking crime." *Id.* at 3.

Mr. Neff relies on the Tenth Circuit's decision in *United States v. Iiland*, 254 F.3d 1264 (10th Cir. 2001). He argues that, as in *Iiland*, the evidence here shows only that the firearm was present "'in an area where a criminal act occur[ed],'" not that Mr. Neff intended to use the firearm. Doc. 69 at 4 (quoting *Iiland*, 254 F.3d at 1271). In *Iiland*, the defendant was convicted of violating § 924(c) using the "'possession' prong." *Iiland*, 254 F.3d at 1270. In other words, the evidence there did not show that he used the firearm in furtherance of a drug trafficking crime. It merely showed "he was involved in drug trafficking and owned a gun that was found along with scales in his apartment." *Id.* But the Circuit reversed this conviction because "the 'during and in relation to' requirement of § 924(c) necessitates some direct connection between the firearm and the drug offense." *Id.* at 1274. There, evidence that drug dealers generally carry firearms for protection was insufficient because "[t]here was no evidence that the gun and drugs

7

were kept in the same place or that [defendant] ever kept the gun accessible when conducting drug transactions." *Id.*

Here, however, the evidence against Mr. Neff differs in two important respects. *First*, unlike *Iiland*, where the firearm merely was found in Mr. Iiland's apartment during a search, Mr. Neff carried his firearm with him when he entered Mr. Hainline's house on November 27, 2018. *Second*, Mr. Neff's firearm was accessible to him during the drug transaction on November 27. In *Iiland*, there was no evidence that the firearm and drugs were ever in the same place or that the firearm was accessible to Mr. Iiland during the charged drug transaction.

Also, other binding authority establishes the proposition that carrying a firearm for protection can be sufficient to sustain a conviction under § 924(c). *United States v. King*, 632 F.3d 646, 657 (10th Cir. 2011) (upholding defendant's conviction under § 924(c) because the factors supported it and noting "[t]here is no requirement that the firearm be accessible for use at all times" but instead "[t]he focus is on whether the firearm was kept available for use should it be needed *during a drug transaction*." (internal quotation marks and citation omitted)); *United States v. Becknell*, No. 13-10071-JTM, 2013 WL 5913769, at *4 (D. Kan. Nov. 1, 2013) (concluding that "[t]he jury had sufficient evidence to support its verdict on [the § 924(c)] charge" because "no rule requires the firearm to have been within an arm's reach of the drugs"); *see also United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) ("[A] firearm that is kept available for use if needed during a drug transaction is 'possessed in furtherance of' drug trafficking, because such possession does not necessarily require 'use' as long as such possession 'in furtherance of' is the intent of the drug trafficker.").

Construing the evidence in a light most favorable to the government, the court finds the jury "could have found the essential elements of the crime beyond a reasonable doubt." *Haber*,

8

251 F.3d at 887 (citation and internal quotation marks omitted).  The evidence shows that Mr. Neff carried a firearm for protection after he once was robbed of his drugs and money.  The firearm was accessible to Mr. Neff at all times, it was located near the drugs in his black bag and related paraphernalia, and that he possessed the firearm illegally.  "'[I]ntent to possess [a] weapon to further [a] drug trafficking crime is generally proven through circumstantial evidence.'" *King*, 632 F.3d at 655 (quoting *United States v. Rogers*, 556 F.3d 1130, 1140 (10th Cir. 2009)).  Here, the jury's verdict reflects its rational finding beyond a reasonable doubt that the circumstantial evidence against Mr. Neff showed that he possessed the firearm to further his drug trafficking crime.  The court thus denies Mr. Neff's Motion for Judgment of Acquittal on Count 3.

### IV. Conclusion

The court denies Mr. Neff's Motion for Judgment of Acquittal because the jury reasonably could conclude from the evidence presented at trial that Mr. Neff possessed a firearm in furtherance of a drug trafficking crime.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Dennis Neff's oral Motion for Judgment of Acquittal on Count 3 and his supplemental filing seeking the same relief (Doc. 69) are denied.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge