## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS DEAN NEFF,

    Defendant.

Case No. 19-40015-01-DDC

## MEMORANDUM AND ORDER

  This matter comes before the court on defendant Dennis Dean Neff's pro se[1] "Motion for

Release of Complete Jencks Act for Appellate Court Review and Sentence Objections" (Doc.

64).  The government has filed a response (Doc. 63).  For reasons explained below, the court

denies Mr. Neff's motion.

### I.  Background

  On August 21, 2019, a grand jury returned a Second Superseding Indictment charging

Mr. Neff with various crimes.  Doc. 28.  These crimes included:  (1) conspiracy to "possess with

the intent to distribute and dispense" methamphetamine, (2) possessing methamphetamine with

intent to distribute within 1,000 feet of a public secondary school, (3) knowingly possessing a

firearm in furtherance of a drug trafficking crime, and (4) knowingly possessing a firearm while

he knew he previously had been convicted of a crime punishable by a prison term exceeding one

year. *Id.* at 1–4.  Trial began on November 19, 2019.  Doc. 44.  The jury convicted Mr. Neff on

---

[1]  Because Mr. Neff proceeds pro se, the court construes his filings liberally and holds them to a
less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant. *Id.*

all counts from the Second Superseding Indictment that the court submitted to the jury.[2]  Doc. 51.

      After his trial, Mr. Neff submitted several pro se motions to the court.  *See, e.g.*, Docs. 56, 60, & 61.  Noting Mr. Neff currently was represented by counsel, the court declined to consider any of Mr. Neff's submissions because they weren't processed through his counsel. Docs. 60 & 61.  Instead, the court provided Mr. Neff's pro se motions to his appointed counsel and never placed them on the docket in the case.  But, after a status conference on February 24, 2020, the court elected to permit Mr. Neff to proceed on one of his pro se motions—the one currently before the court.  Doc. 62.  The court directed the clerk to docket the motion as a pro se motion, and the clerk docketed the motion.  *See* Doc. 64.  The court also ordered the government to file a response to Mr. Neff's motion.[3]

## II.    Legal Standard

      If a party moves the court after a witness has testified on direct examination, Federal Rule of Criminal Procedure 26.2 and the Jencks Act require the nonmoving party to produce any statement of the witness that is in the nonmoving party's possession and that relates to the subject matter of the witness's testimony.  18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a).  Both Rule 26.2 and the Jencks Act define a statement as:  (1) a written statement that the witness made and signed or otherwise adopted and approved; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement; or (3) a statement to a grand jury.  18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2(f).  The defendant bears the burden of showing that "particular

---

[2]      On November 18, 2019, the court dismissed Count 1 on the government's motion.  Doc. 42.

[3]      The government filed its response to Mr. Neff's pro se motion before the clerk officially added the motion to the docket.  Thus, even though its docket number is higher than the response's docket number, Mr. Neff originally filed his pro se motion before the government filed its response.

materials qualify as '[s]tatements' and that they relate to the subject matter of the testimony of the witness." *United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976) (citing *United States v. Pennett*, 496 F.2d 293 (10th Cir. 1974)).

### III.   Discussion

Mr. Neff contends the government "used evidence that was produced during [his] jury trial, perjury testimony, in which [Mr.] Neff never was afforded the opportunity to contest or challenge any statements made against [him]" because the government never produced "crucial evidence" under the Jencks Act or the Federal Rules of Criminal Procedure.  Doc. 64 at 1.  He also argues the government never turned "over relevant discovery that will enable [Mr.] Neff, to contest and challenge testimony of [the government] on direct appeal and in [his] presentence investigation report." *Id.*  Because the substance of oral statements the government planned to use at trial is discoverable, according to Mr. Neff, he argues the government violated the Jencks Act when it failed "to turn over discoverable evidence that would have provided concrete information related to a [thorough] assessment" of the evidence against him.  *Id.* at 2.

The government responds, asserting that Mr. Neff's motion is moot because it already had provided the materials Mr. Neff now seeks long before trial.  Doc. 63 at 1–2.  For support, the government contends that this case is "a full discovery matter," and that "[f]ull discovery was provided to [Mr. Neff's counsel] via hand delivery on February 14, 2019." *Id.* at 1.  And, after two defendants in related cases pleaded guilty and gave statements to the government, the government supplemented its disclosure to include their statements.  *Id.* at 1–2.  Finally, the government asserts, Mr. Neff had a "virtually unfettered" opportunity to cross examine all testifying witnesses "with all of the respective witnesses' prior statements in hand." *Id.* at 2.

Mr. Neff's motion lacks merit for two reasons.  *First*, as the parties noted at the February 24, 2020 status conference, this is a full discovery case.  The government asserted that it provided Mr. Neff's counsel with access to all discovery materials throughout the case.  Mr. Neff's counsel agreed with the government.  Mr. Neff simply has provided no basis for the court to conclude otherwise.  So, the court denies Mr. Neff's motion.  *See United States v. Wheeler*, No. 05-40127-01-RDR, 2006 WL 42237, at *1 (D. Kan. Jan. 6, 2006) ("Given the fact that this is a 'full discovery' case, the court shall assume that the defendant has received the necessary Jencks Act materials.").

*Second*, Mr. Neff fails to carry his burden "to show that particular materials qualify as '[s]tatements' and that they relate to the subject matter of the testimony of the witness." *Smaldone*, 544 F.2d at 460 (citation omitted).  He argues that the government "used evidence that was produced during [his] jury trial, perjury testimony, . . . which [he] never was afforded the opportunity to contest or challenge . . . ."  Doc. 64 at 1.  But Mr. Neff never tells the court which "particular materials" the government failed to produce.  *See Smaldone*, 544 F.2d at 460. The court concludes Mr. Neff has failed to shoulder his burden and denies his motion for this independent reason.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Dennis Dean Neff's pro se "Motion for Release of Complete Jencks Act for Appellate Court Review and Sentence Objections" (Doc. 64) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of August 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
