IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>DENNIS DEAN NEFF (01),<br><br>      Defendant. | Case No. 19-40015-01-DDC |

**MEMORANDUM AND ORDER**

A jury found defendant Dennis Neff guilty on Counts 2 through 5 of the Indictment. Doc. 51. The court thus entered its judgment convicting Mr. Neff on charges of possession with intent to distribute methamphetamine and two firearms crimes. The court sentenced him to a controlling term of 216 months in prison followed by 10 years of supervised release. Doc. 107. Mr. Neff appealed, and on July 29, 2022, the Tenth Circuit affirmed his convictions. Doc. 148.

Mr. Neff since has filed three post-conviction motions. They are the subject of this Memorandum and Order.

One of his three motions presents a threshold question: Should the court allow him to proceed without prepayment of fees? *See* Doc. 156. The court will allow Mr. Neff, for now, to proceed without prepaying fees or satisfying the other requirements of 28 U.S.C. § 1915. It does so because one of Mr. Neff's motions arguably presents a motion under 28 U.S.C. § 2255—more about that later. And our Circuit has held that § 2255 motions made after 1976 are "not separate civil actions, but [are] instead the continuation of the same criminal matter in which filing fees or leave to proceed in forma pauperis [are] not required." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). As the court will explain, it's not altogether clear whether Mr. Neff

invokes § 2255.  Should the court later determine that Mr. Neff bases his request for relief on some provision other than § 2255, it will revisit this threshold question.

Mr. Neff captions the second of his three motions as a "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel," Doc. 154.  As a rule, Mr. Neff has "no right to counsel in postconviction proceedings."  *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019), (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also McPherson v. Miers*, 7 F. App'x. 845, 849 (10th Cir. 2001).  ("[T]here is no constitutional right to counsel in state post-conviction proceedings).  But there's a wrinkle here:  It's not clear whether Mr. Neff intended this motion to serve as one merely seeking appointed counsel—or, instead, as a motion seeking relief under § 2255.  *See* Doc. 154 at 5 (asserting that Mr. Neff, litigating pro se, is not capable of having "a fair chance to plead my case in my 2255."); *see also* Doc. 155 at 1 (asking for discovery because Mr. Neff "ha[s] filed a motion under 28 U.S.C. § 2255").  Given the important implications for making—or not making—§ 2255 motions, the court finds that Mr. Neff qualifies for a limited appointment of counsel.

Section 2255(g) and 18 U.S.C. § 3006A(a)(2)(B) authorize district courts to appoint counsel to any "financially eligible person" when "the interests of justice so require."  *United States v. Schneider*, 559 F. App'x 770, 772 (10th Cir. 2014) (quoting cited statutes).  The question presented by this motion—whether Mr. Neff meant for his Motion to Appoint Counsel as a pro se litigant's attempt to assert a § 2255 motion or, instead, merely sought to secure a lawyer to advise him whether to assert such a motion—could have important timing implications for him.  Given the importance of the answer to this question, the court, exercising its discretion, appoints the Federal Public Defender for our district to represent Mr. Neff on his current motion.  (If the Federal Public Defender cannot accept this appointment for any reason, this Order authorizes

appointment of a member of the district's CJA panel.)  The court thus grants Doc. 154 in part by appointing the FPD (or its designee) for this limited purpose.

Mr. Neff captioned his last filing as a "Motion for Discovery."  *See* Doc. 155.  The court denies this motion because it's premature.  Certainly, Rule 6 of the Rules Governing Section 2255 Proceedings permits discovery on a showing of "good cause."  *Id.*, Rule 6(a).  But here, it's not yet clear whether Mr. Neff's filing even presents a § 2255 motion.  And thus, it's not yet clear whether the court should apply Rule 6(a) or some other source of law to decide Mr. Neff's discovery motion.  Given this uncertainty, the court denies the Motion for Discovery (Doc. 155) for the present.  But this ruling doesn't prejudice Mr. Neff's opportunity to seek discovery in the future.

**THEREFORE, the court makes the following rulings:**

(1)  The court grants Doc. 156 (Application to Proceed Without Prepayment of Fees).

(2)  The court grants Doc. 154 (Motion for Appointment of Counsel) in part, as set forth in this Order; and

(3)  The court denies Doc. 155 (Motion for Discovery), but without prejudice to defendant's opportunity to renew his motion in the future.

**IT IS SO ORDERED.**

**Dated this 6th day of November, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
